UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| STATE FARM MUTUAL AUTO. INS. CO., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:15 CV 149 CDP |
| SENTRY SELECT INS. CO., et al., | ) ) ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER OF REMAND

This newly-removed case is before me on my review for subject matter jurisdiction. Plaintiff State Farm filed this action for declaratory judgment in state court against another insurance company (Sentry), an individual (Gail Cape), and its insured (Andrea Macier). The state court petition alleges that, as a result of an underlying tort action brought by Cape against Macier, an insurance coverage dispute has arisen between State Farm and Sentry. In the underlying action, Cape is suing Macier because Cape's son, Christopher Bell, was killed in an automobile accident. Cape claims that Macier was driving an automobile loaned to Bell by Flying A Motor Sports and that Macier's negligent operation of the vehicle caused her son's death. Macier denies she was driving. Sentry is the insurer of the automobile loaned to Bell. State Farm is Macier's insurer. State Farm admits that Macier was an insured under its policy if she was operating the vehicle, but contends that Sentry was the primary

insured for Macier if she was driving. Sentry's policy has liability coverage in the amount of $1,000,000.00. Sentry has refused to provide a defense or coverage for Macier and denied its policy limits apply in the underlying action. State Farm's petition is silent regarding whether it is providing a defense to Macier in the underlying action subject to a reservation of rights.

The state court petition seeks a declaration that Macier is an insured under the Sentry policy if she was driving the vehicle at the time of the accident, that Sentry is the primary insured and obligated to provide a defense and indemnify Macier in the underlying action, and that the policy limit is $1,000,000.00. Both Cape and Macier are Missouri citizens, Sentry is a Wisconsin citizen, and State Farm is a citizen of Illinois. Sentry removed the case to this Court, alleging diversity jurisdiction. In support of removal jurisdiction, Sentry argues that I should ignore the citizenship of resident defendants Cape and Macier because they are nominal parties, or alternatively, that they should be realigned as party plaintiffs. Because this Court lacks removal jurisdiction over this action, I will *sua sponte* remand this action to state court for the reasons that follow.

28 U.S.C. § 1441(b) allows a defendant to remove a civil action from state court to federal court based on diversity jurisdiction only if none of the properly joined defendants are citizens of the state on which the original action was filed. Applied here, there is no removal jurisdiction over this case if one of the defendants

2

is citizen of Missouri. 28 U.S.C. § 1441(b); Hurt v. Dow Chem. Co., 963 F.2d 1142, 1145 (8th Cir. 1992). Sentry, as the party invoking jurisdiction, bears the burden of proving that all prerequisites to jurisdiction are satisfied. See In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1993). Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of remand. Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997).

Here, two of the defendants -- Cape and Macier -- are Missouri citizens. Sentry argues that Macier and Cape are nominal defendants whose presence may be disregarded for determining the propriety of removal. Nominal defendants need not join in the petition for removal. Thorn v. Amalgamated Transit Union, 305 F.3d 826, 833 (8th Cir. 2002). Nominal defendants are defined as those "against whom no real relief is sought." Id. (quoting Pecherski v. Gen. Motors Corp., 636 F.2d 1156, 1161 (8th Cir. 1981)). The nominal party defendant exception is limited "to situations in which it is clear that the defendant is not a necessary or an indispensable party as a matter of law, the party has nothing at stake in the litigation, and no real, present claim for relief is being sought against the party." Guy v. State Farm Mut. Auto. Ins. Co., No. 3:10CV255, 2011 WL 1212179, at *2 (E.D. Ark. Mar. 31, 2011) (quoting Fisher v. Dakota Cmty. Bank, 405 F. Supp. 2d 1089, 1095 (D.N.D. 2005)); see also Williams ex rel. McIntosh v. City of Beverly Hills, Mo., No. 4:07CV661, 2007 WL

2792490, at *4 (E.D. Mo. Sept. 24, 2007); Dumas v. Patel, 317 F. Supp. 2d 1111, 1113 n. 5 (W.D. Mo. 2004) ("A nominal party has been defined as '[a] party who, having some interest in the subject matter of a lawsuit, will not be affected by any judgment but is nonetheless joined in the lawsuit to avoid procedural defects.'") (quoting Black's Law Dictionary 1145 (7th ed.1999))).

Sentry argues that Cape and Macier are nominal defendants because State Farm seeks only a determination of Sentry's duties and obligations under the policies and asks for no relief against them. However, as Macier is State Farm's insured and the alleged insured of Sentry, she has more than a nominal interest in the outcome of a declaratory judgment action regarding the terms of the policy. See Geismann v. American Economy Ins. Co., 4:11CV1185, 2011 WL 4501161, at *2 (E.D. Mo. Sept. 28, 2011); Missouri United School Ins. Council v. Lexington Ins. Co., No. 4:10CV130, 2010 WL 1254657, at *2 (E.D. Mo. Mar. 24, 2010). Here, Macier's rights would certainly be affected by a declaration of the insurance companies' respective rights and obligations under the insurance agreements. There has been a denial of coverage to the insured by Sentry, and it is unclear from the petition whether State Farm is even providing Macier a defense, whether or not subject to a reservation of rights. This is sufficient to put the insured's interests at stake in the lawsuit. Macier is more than a nominal party in this case.

Sentry further contends that the Court should realign the parties so that Macier and Cape are listed as plaintiffs. If the Missouri citizens were plaintiffs, the resident defendant rule would not preclude removal of this case. Sentry argues that this realignment reflects the parties' true interests, as State Farm, Cape, and Macier all have an interest in declaring Sentry's policy limit to be $1,000,000.00. In the Eighth Circuit, to determine whether to realign Cape and Macier as plaintiffs I must decide whether any actual and substantial conflict exists between them and State Farm, regardless of whether it concerns the primary issue in dispute. See Universal Underwriters Ins. Co. v. Wagner, 367 F.2d 866, 870 (8th Cir. 1966); Alliance Energy Services, LLC v. Kinder Morgan Cochin LLC, 14CV1668, 2015 WL 263691, at * 9 (D. Minn. Jan. 21, 2015); Geismann, 2011 WL 4501161, at *3; Lexington Ins. Co., 2010 WL 1254657, at *3; Hartford Accident and Indemnity Co. v. Doe Run Resources Corp., 4:08CV1687, 2009 WL 1067209, *3 (E.D. Mo. April 21, 2009). As discussed above, such a conflict does exist in this case. State Farm is either not providing a defense to its insured Macier in the underlying action or is doing so under a reservation of rights. In either case, this establishes that State Farm and Macier have a genuine dispute about the existence and extent of State Farm's coverage obligations. Just because Macier may have an interest in State Farm and/or Sentry providing coverage does not make Macier aligned with State Farm as a plaintiff. Moreover, in the underlying action Macier is contesting liability. A determination of whether coverage exists under any of the policies will necessarily involve

consideration of Macier's actions and whether she violated Missouri state law. An actual conflict therefore exists sufficient to obviate realignment. See Geismann, 2011 WL 4501161, at *4; Lexington Ins. Co., 2010 WL 1254657, at *3; PW Shoe Lofts, LP v. State Auto Prop. and Casualty Ins. Co., 4:10CV2241, 2011 WL 2295068, at *3 (E.D. Mo. June 7, 2011). Because an actual and substantial controversy exists between State Farm and Macier, realignment of her as a plaintiff is not required. Macier was properly joined as a defendant in this case and is a citizen of the State of Missouri, so 28 U.S.C. § 1441(b) bars the removal of this lawsuit without consideration of whether Cape should be realigned as a plaintiff. This case was improvidently removed to federal court, and I am without jurisdiction to hear it.

Accordingly,

**IT IS HEREBY ORDERED** that this action is remanded to the Circuit Court of Crawford County, Missouri under 28 U.S.C. § 1447(d).

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 5th day of February, 2015.